**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:12-CR-00023-RLV-DCK**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARINA R. MCCUEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant Marina R. McCuen's *pro se* Amended Motion to Reduce Sentence (the "Amended Motion") (Doc. 39). Also before the Court is Defendant's *pro se* Motion to Modify Sentence (the "Motion") (Doc. 33), as well as several letters in support of the Motion (Docs. 35-38). The Government has not filed a response to either of Defendant's Motions. Since the time for responses has elapsed, this matter is ripe for disposition. A document filed *pro se* is to be "liberally construed," and cannot be held to the same standards as a document filed by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). As such, Defendant's Motion and Amended Motion, which relies on 18 U.S.C. § 3742(e) and 18 U.S.C. § 3553(a) for relief, is properly construed as a motion filed pursuant to 18 U.S.C. § 3582(c), the statute governing modifications to imposed terms of imprisonment. For the reasons stated below, the Motion (Doc. 33) and the Amended Motion (Doc. 39) are both **DENIED**. Furthermore, the Government is **ORDERED** to file a response to this Order that addresses Defendant's projected release date of August 20, 2017.

**I.       BACKGROUND**

On May 21, 2012, a Bill of Information was filed against Defendant Marina R. McCuen. (Doc. 1) On June 25, 2012, Defendant entered a plea of guilty to one count of Conspiracy to

Defraud the United States by Impairing and Impeding the Functions of an Agency of the United States, in violation of 18 U.S.C. § 371. (Doc. 7). At the June 25, 2012 plea hearing, the magistrate judge set bond pending sentencing at $25,000.00 unsecured and Defendant paid the unsecured bond and was released under administrative supervision. (*See* Doc. 8, Doc. 9, Doc. 11 at 1). On August 4, 2014, Defendant appeared before this Court for sentencing, and this Court sentenced Defendant to fifty months' imprisonment. (Doc. 19 at 1-3). This Court initially ordered Plaintiff to report to a correctional institution designated by the Federal Bureau of Prisons ("BOP") no later than December 1, 2014, but subsequently extended the deadline for Defendant to report to January 5, 2015. (*See* Doc. 29, *see also* Doc. 19 at 2). On January 5, 2015, Defendant reported to Federal Prison Camp Alderson. (Doc. 30). Presently, the Federal Bureau of Prison's inmate locator indicates that Defendant is located at Raleigh Residential Reentry Management facility with a projected release date of August 20, 2017. *See* Federal Inmate Locator, available at https://www.bop.gov/inmateloc/ (Find by Name: "Marina R. McCuen") (last visited 8/9/2017).

In her Motion and Amended Motion, Defendant seeks a sentence reduction based on her allegedly exemplary conduct in prison, including completing a number of alcohol abuse and vocational courses, and cites *Pepper v. United States*, 562 U.S. 476 (2011), in support of her argument. (Doc. 33 at 1, Doc. 39). Defendant's Motion also argues that, given her conduct in prison, a fresh analysis under the 18 U.S.C. § 3553(a) factors would result in the imposition of a sentence of less than fifty months. (Doc. 33 at 1-2).

## II.    DISCUSSION

Once a court imposes term of imprisonment, the term of imprisonment is generally considered to be "final for all purposes." 18 U.S.C. § 3582(b). Narrow exceptions exist that permit a court to modify a term of imprisonment. *See* 18 U.S.C. § 3582(b), (c). Specifically, a court is

only permitted to modify a term of imprisonment "if the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or [Fed. R. Crim. P.] 35 *expressly* permits the court to do so." *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (emphasis in original). Here, the Director of the BOP has not moved for a reduction, Defendant does not allege that she is entitled to relief under any amendment adopted and deemed to apply retroactively by the Sentencing Commission, and there is no statute expressly permitting the Court to reduce Defendant's sentence based on her conduct in prison. Therefore, Defendant has not established a right to a sentence reduction pursuant to 18 U.S.C. § 3582(c).

Furthermore, Defendant's reliance on *Pepper v. United States* is misplaced. While *Pepper* permits a district court to consider a defendant's post-sentencing rehabilitation efforts, it permits such only within the context of resentence following a defendant's original sentence being set aside on appeal. *Pepper*, 562 U.S. at 490; *see also* 18 U.S.C. § 3742(g). Here, the resentencing Defendant seeks can only fall within the purview of 18 U.S.C. § 3582, and not within 18 U.S.C. § 3742, because Defendant's original sentence has not been set aside as a result of a successful appeal. In fact, while Defendant filed a notice of appeal after this Court imposed its sentence, the United States Court of Appeals for the Fourth Circuit dismissed Defendant's direct appeal after Defendant moved to voluntarily dismiss the appeal. (Doc. 25). Finally, Defendant's reliance on the 18 U.S.C. § 3553(a) factors is also misplaced because those factors are only relevant and available for consideration by the district court if the court has some authority to otherwise resentence a defendant. *See* 18 U.S.C. § 3582(c).

The Court, however, advises Defendant that if, as she alleges, she exhibited exemplary behavior in prison, then she should have earned good time credits of up to fifty-four days per year. *See* 18 U.S.C. § 3624 (b)(1). In fact, given the fifty-month sentence Defendant received,

Defendant's date of incarceration, and Defendant's projected release date, it appears that Defendant has received good time credits for her behavior while in prison. Thus, although the Court lacks the authority to reduce Defendant's term of imprisonment based on her good behavior in prison, Defendant sentence has already been reduced, for all practicable purposes, as a result of her conduct while incarcerated.

That being said, this Court is unable to reconcile Defendant's release on bond pending sentencing, the fifty-month sentence imposed by this Court, and Defendant reporting to FPC Alderson to begin serving her sentence on January 5, 2015 with the BOP's a projected release date of August 20, 2017. Even accounting for good time credits and the possibility that the BOP has determined that Defendant is a suitable candidate for completing the last 10% of her sentence on home confinement, *see* 18 U.S.C. § 3624(b), (c)(2), Defendant will not have severed the equivalent of a fifty-month sentence by August 20, 2017. At present, this Court is unable to determine if the apparent discrepancy between the sentence imposed by this Court and Defendant's projected release date is the result of (1) an error in this Court's records as to Defendant's pre-sentencing custody status; (2) an error in the BOP's federal inmate locator system; (3) an error by the BOP in calculating Defendant's sentence; or (4) some other error. Accordingly, the Court **ORDERS** the Government to confer with the BOP and to file a response addressing the apparent discrepancy with Defendant's projected release date of August 20, 2017. The Government shall have up to and including August 15, 2017 to file its response.

## III.  DECRETAL

**IT IS, THEREFORE, ORDERED THAT**:

(1)     Defendant's Motion to Reduce Sentence (Doc. 33) is **DENIED**;

(2)     Defendant's Amended Motion to Reduce Sentence (Doc. 39) is **DENIED**; and

(3)     The Government shall have up to August 15, 2017 to file its response addressing the apparent discrepancy between the fifty-month sentence imposed by this Court, Defendant reporting to FPC Alderson on January 5, 2015, and the BOP listing a projected release date of August 20, 2017 for Defendant.

Signed: August 10, 2017

Richard L. Voorhees
United States District Judge